UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CLEAR CREEK VILLAGE HOMES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALLIED INSURANCE COMPANY ) <br> OF AMERICA ) <br> ) <br> Defendant. ) <br> ) | Case No. 1:22-CV-151 <br><br> Removed from Hendricks Superior Court, Hendricks County, Indiana <br> Cause No. 32D05-2107-MI-000210 |

## NOTICE OF REMOVAL

Defendant, Allied Insurance Company of America ("Allied"), by and through its attorney, Mary Strong of Faegre Drinker Biddle & Reath LLP, pursuant to 28 U.S.C. § 1446(a) hereby provides notice of the removal of the civil action currently pending in Superior Court 5 of Hendricks County, Indiana, and states as follows:

### THE REMOVED CASE

1. This matter arises out of a coverage dispute between Clear Creek Village Homes Inc. ("Clear Creek") and Allied regarding whether overhead and profit expenses related to property repairs are reasonable costs covered under the terms and conditions of the Allied Policy. Clear Creek asserts that the Parties' coverage dispute can be resolved by the appraisal process provided in the Allied Policy. Allied maintains that the appraisal process is unavailable to resolve coverage disputes and that Clear Creek was time barred from litigating the application of the Appraisal provision of the Allied Policy.

2. On or about July 6, 2021, Clear Creek filed a "Motion for Appointment of a Mediator or Umpire" under the Appraisal provision of the Allied Policy, in the Superior Court 5

of Hendricks County, Indiana, styled as *Clear Creek Village Homes, Inc. v. Allied Insurance Company of America*, Cause No. 32D05-2107-MI-000210 (the "Indiana State Court Action"). Over Allied's objection, Clear Creek's petition for appointment of a mediator or umpire was granted on October 19, 2021. *See* Attachment #1 (State Court Record).

3. On October 29, 2021, Allied filed a Counterclaim for Declaratory Judgment in the Indiana State Court Action seeking the Court to Declare that the Parties' coverage dispute did not fall within the Appraisal provision and was time barred. *See* Attachment #1 and Attachment #2 (Clear Creek's Counterclaims).[1] Plaintiff filed a copy of Clear Creek's most recent insurance policy with Allied ("Policy") as Exhibit A to the Motion to Appoint Mediator (Or Umpire as Used in Policy). *See* Attachment #1.[2]

4. Clear Creek filed a Counterclaim in the Indiana State Court Action asserting a claim for breach of contract and bad faith penalties against Allied, on or about December 21, 2021. *See* Attachment #1. Clear Creek's Counterclaim asserts damages in excess of $75,000.

5. Allied filed a Notice of Dismissal of its Counterclaim for Declaratory Judgment to dismiss Allied's counterclaim without prejudice in the Indiana State Court Action on January 19, 2022. *See* Attachment #1.

6. Clear Creek's counterclaims against Allied remain pending in the Indiana State Court Action.

**GROUNDS FOR REMOVAL**

7. This action is removable pursuant to 28 U.S.C. § 1441(a) in that it is an action over which the District Courts of the United States have original jurisdiction under 28 U.S.C. § 1332.

---

[1] Attachment #3 is the Civil Cover Sheet per Local Rule 81-2.
[2] The policy that Plaintiff attached to its Motion for Appointment of a Mediator or Umpire was a policy for the term period 02-1-2021 through 02-1-2022 and is inapplicable. Allied filed the applicable policy for the term period 02-1-2019 through 02-1-2020 on September 2, 2021. *See* Attachment #1.

There is complete diversity of citizenship between Clear Creek and Allied, being citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## PAPERS FROM REMOVED ACTION

8. Copies of the docket and all process and pleadings received by Allied in the Indiana State Court Action to date are attached to this Notice. *See* Attachment #1.

## REMOVAL IS TIMELY

9. Clear Creek's petition for appointment of a mediator or umpire initiated the Indiana State Court Action, but it did not seek relief for money damages. Further, the petition for appointment of a mediator was for appraisal of the amount of overhead and profit, which Clear Creek alleged was $66,606.74. *See* Exhibit A (communication with Clear Creek's counsel confirming amount in controversy); Exhibit D (Clear Creek's Estimate).

10. Clear Creek was granted leave to file its counterclaims in this action on or about December 21, 2021. Allied was served with a copy of Clear Creek's motion for leave to file counterclaims on or about December 20, 2021, as a party of record in the Indiana State Court Action when Clear Creek's counterclaims were attached as an exhibit to that motion. *See* Attachment #1. Clear Creek's Counterclaim was the first pleading presenting an amount of controversy exceeding $75,000. Therefore, this Notice of Removal is timely filed within 30 days of Allied's receipt of Clear Creek's counterclaims. 28 U.S.C. § 1446(b)(1), (3).

11. Within twenty (20) days of removal, all attorneys of record not admitted to practice before this Court will comply with the Court's admission policy, as set forth in Local Rule 83.5.

## VENUE REQUIREMENT IS MET

12. This Notice of Removal is properly filed in the United States District Court for the Southern District of Indiana, Indianapolis Division, because the Hendricks Superior Court in Hendricks County, Indiana, is located in this federal judicial district and division.

13. This Notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. 28 U.S.C. § 1446(a).

## DIVERSITY OF CITIZENSHIP EXISTS

14. At all times relevant, Clear Creek was and is an Indiana corporation with its principal place of business in Indiana.[3] Accordingly, Clear Creek is citizen of Indiana.

15. At all times relevant, Allied was and is an Ohio corporation with its principal place of business in Ohio.[4] Accordingly, Allied is a citizen of Ohio.

## AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

16. In addition, the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

17. Pursuant to Ind. Trial R. 8(A)(2), Clear Creek's counterclaims do not plead a specific dollar amount in controversy and Allied must only show a "reasonable probability" that the amount-in-controversy threshold is met. *See Rising-Moore v. Red Roof Inns*, 435 F.3d 813, 815 (7th Cir. 2006) ("A defendant who removes a suit in which the complaint lacks an *ad damnum* must establish a reasonable probability that the amount of controversy exceeds $75,000.") (quotations omitted); *Light Eng'g. Corp. v. Heavy Quip, Inc.*, Cause No. 1:12-cv-1379-RLY-DKL, 2013 WL 3071288, at *3 (S.D. Ind. June 17, 2013) ("If a specific dollar amount is not pled—e.g.,

---

[3] *See* INBiz: Your one-stop source for your business. (last visited January 18, 2020) (noting Clear Creek is a corporation domiciled in Avon, Indiana), pdf attached hereto as Exhibit B.

[4] *See* Ohio Secretary of State Business Search-Business Name-allied insurance company (ohiosos.gov) (last visited January 18, 2022) (noting Allied is a corporation domiciled in Columbus, Ohio), pdf attached hereto as Exhibit C.

4

when a case is removed . . . from the court of a state that forbids specific damages pleading—then the proponent of jurisdiction must show, by other means, a reasonable probability that the amount-in-controversy threshold is met.").

18. Under Seventh Circuit law, the amount of controversy "is determined by an evaluation of the controversy described in the plaintiff's complaint and the record as a whole." *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004) (quoting *Uhl v. Thoroughbred Tech. & Telecomms., Inc.*, 309 F.3d 978, 983 (7th Cir. 2002)).

19. In its counterclaims, Clear Creek seeks damages for Allied's alleged breach of contract by denying payment for a general contractor's overhead and profit and not participating in appraisal process. Attachment #2, Count I. The amount of overhead and profit in controversy is in excess of $60,000. Exhibits A, D.

20. Further, Clear Creek demands damages for Allied's alleged bad faith in handling Clear Creek's claim, including "treble damages and attorneys' fees and costs." Attachment #2, Count II, at ¶ 34.

21. Based on the punitive damages, attorneys' fees, and coverage amounts demanded by Clear Creek, the amount in controversy exceeds the $75,000 jurisdictional threshold. *See* 28 U.S.C. § 1332(a).

**FILING OF REMOVAL PAPERS**

22. Pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Removal was filed with Superior Court 5, Hendricks County, Indiana, in Case No. 32D05-2107-MI-000210.

23. A Notice of Removal to Adverse Party, together with copies of the Notice of Removal and the Notice of Filing Notice of Removal, are being served on Clear Creek's counsel.


5

ACTIVE.135274645.01

24. In filing this Notice of Removal, Allied does not waive any defense that might be available to it in this action.

WHEREFORE, for the foregoing reasons, Allied respectfully requests that this Court exercise jurisdiction over this removed action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in Superior Court 5, Hendricks County, Indiana, and award to Allied all other relief to which it is justly entitled.

By: /s/ *Mary Strong*
Mary Strong
IN State Bar ID No. 36976-53
**FAEGRE DRINKER BIDDLE & REATH LLP**
300 N. Meridian St., Suite 2500
Indianapolis, IN 46204
Tel: (317) 237-0300
Fax: (317) 237-1000
mary.strong@faegredrinker.com

ACTIVE.135274645.01

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 19, 2022, a copy of the foregoing Allied's NOTICE OF REMOVAL was filed electronically and notice of the filing of this document was sent to the following known counsel and parties of record in the underlying state court matter:

| | |
|---|---|
| David Miller<br>SAEED & LITTLE, LLP<br>133 West Market Street, #189<br>Indianapolis, IN 46204<br>david@sllawfirm.com | Bradley C. Lohmeier<br>SAEED & LITTLE, LLP<br>18 West Vermont Street<br>Indianapolis, IN 46204<br>bradley@sllawfirm.com |

*/s/ Mary Strong*